IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCY BROWN, | ) Docket No. 1:23-cv-240 |
| Plaintiff | ) The Honorable Maureen P. Kelly |
| v. | ) ELECTRONICALLY FILED PLEADING |
| FRANKLIN AREA SCHOOL DISTRICT, et al., | ) |
| Defendants | ) |

**MOTION FOR PROTECTIVE ORDER**

Defendants, Franklin Area School District, Eugene Thomas, Thomas Holoman, and Kris Miller, through their counsel, Knox, McLaughlin, Gornall & Sennett, P.C., move for entry of a Protective Order against the enforcement of three overbroad and unduly burdensome subpoenas which seek information protected by the Attorney-Client Privilege, Work Product Privilege, and Spousal Privilege, stating as follows:

**The Three Subpoenas**

1. On September 4, 2024, Plaintiff served the three (3) attached subpoenas ("Subpoenas") directed to Emily Holoman, Denise Phipps, and Giancarlo Delmo. See Attachments.

2. Each of the three (3) Subpoenas seek the following:

    1. All personal emails sent or received during the period of January 1, 2022 through August 21, 2024 relating or pertaining to Marcy Brown;

1

2. All personal text messages sent or received during the period of January 1, 2022 through August 21, 2024 relating or pertaining to Marcy Brown;

3. All personal voice messages sent or received during the period of January 1, 2022 through August 21, 2024 relating or pertaining to Marcy Brown; and

4. All social media posts made during the period of January 1, 2022 through August 21, 2024 relating to or pertaining to Marcy Brown.

3.  Each of the three (3) Subpoenas command the individuals to surrender their personal cellphones—containing voluminous, highly private personal information—for forensic examination, inspection, copying and cataloguing at the office of Plaintiff's Counsel.

**The Rules for Protective Orders**

4.  A party can move for a protective order to prevent the enforceability of a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party.  *See Hancock v. Credit Pros Int'l Corp.*, 2021 WL 2948154 (D.N.J. 2021).

5.  Rule 26(b)(1) of the Federal Rules of Civil Procedure protects parties from discovery regarding any privileged matter.

6.  When a subpoena seeks information from a non-party protected by a privilege, a court may issue a protective order. *See Hancock*.

**Attorney-Client Privilege and the Work Product Doctrine**

7.  At least two of the subpoenaed persons' personal communications sought are protected by the Attorney-Client Privilege and/or Work Product Doctrine.

8.  "The attorney-client privilege protects from disclosure confidential communications made between attorneys and clients for the purpose of obtaining or providing legal assistance to the client…the work-product privilege protects from discovery materials prepared or collected by an attorney in the course of preparation for possible litigation." *In re Grand Jury Subpoena*, 696 Fed.Appx. 66, 70 (3d Cir. 2017) (internal citations and quotation marks omitted).

9.  Denise Phipps and Giancarlo Delmo were employed by the Defendant Franklin Area School District as Title IX Coordinator and IT Director, respectively, during the time periods set forth in the subpoenas. Each has communicated with the District's counsel (the undersigned) on matters within the scope of the attorney-client relationship.

10. Thus, Denise Phipps and Giancarlo Delmo hold the privilege; neither have wavied the privilege in any way. *See In re Grand Jury Proceedings*, 604 F.2d 798, 801 (3d Cir. 1979) ("the attorney-client privilege is one that is owned by the client").

11. The work product privilege also protects many of Phipps' and Delmo's communications. The "work product privilege" is held by both the client and the attorney, but neither has taken any action to waive that privilege in this litigation. *Id*.

12. The work-product doctrine additionally protects material prepared by investigators and other agents upon whom attorneys must rely in the compilation of materials in preparation for trial. *See United States v. Nobles*, 422 U.S. 225, 238 (1975).

13. The Subpoenas command disclosure of private communications made during the period of January 21, 2022 through August 21, 2024.

14. Denise Phipps was a Title IX Coordinator with Franklin Area School District and was involved in investigations relating to the current parties during the time periods of which the Subpoenas seek information.

15. Not only does Denise Phipps' personal emails, text messages, and voice messages involve communications protected by attorney-client privilege, but they are protected by the work-product privilege as well.

16. Due to her involvement with Title IX investigations related to this matter, the private communications found in Denise Phipps' personal emails, text messages, and voice messages include materials prepared or collected by the attorney in this matter in preparation for possible litigation.

17. Giancarlo Delmo was the IT Director for Franklin Area School District and was involved in investigations relating to the current parties during the time periods of which the Subpoenas seek information.

18. Due to his involvement with the Defendants and the investigations related to this matter, the private communications found in Delmo's personal emails, text messages, and voice

messages include materials prepared or collected by the attorney in this matter in preparation for possible litigation.

**Spousal Privilege**

19. Emily Holoman's personal communications are protected by spousal privilege.

20. Emily Holoman is married to Defendant Thomas Holoman, principal of Defendant FASD.

21. "As to spousal privilege, it is well established that an individual may not be compelled to divulge communications between [herself] and [her] spouse." *Osagie v. Boro. of State Coll.*, 586 F. Supp.3d 314, 325 (M.D. Pa. 2022).

22. The only instances where spousal privilege does not apply is where a third party is present during communication, or the communications are made with the intention that the information conveyed be transmitted to a third person. *Id.* at 326. That is simply not the case here.

23. Neither Emily Holoman nor Thomas Holoman have waived spousal privilege as to their personal and private communications.

24. To the extent the Subpoenaed persons are ordered to release any records, it is respectfully requested that sufficient protective language be set forth in any order doing so, as well as requesting that any such release of records be covered under a protective order.

WHEREFORE, Defendants respectfully request that the Court enter a Protective Order, substantially in the form of the attached Proposed Order, preventing enforcement of any of the three attached Subpoenas.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.

BY: */s/Robert D. Zaruta*
Robert D. Zaruta, Esq.
120 West Tenth Street
Erie, PA  16501
Telephone (814) 459-2800
Fax (814) 453-4530

Attorneys for Defendants,
Franklin Area School District, Eugene Thomas, Thomas Holoman, and Kris Miller