IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCY BROWN | : | Case No. 23-240 |
| | : | |
| Plaintiff, | : | PLAINTIFF'S OPPOSITION |
| | : | TO DEFENDANTS' MOTION |
| vs. | : | FOR PROTECTIVE ORDER |
| | : | |
| FRANKLIN AREA SCHOOL DISTRICT; | : | FILED ON BEHALF OF: |
| EUGENE THOMAS; THOMAS | : | Plaintiff, Marcy Brown |
| HOLOMAN; and KRIS MILLER, | : | |
| | : | COUNSEL OF RECORD FOR |
| Defendants. | : | PARTY: |
| | : | Neal A. Sanders, Esquire |
| | : | PA ID NO. 54618 |
| | : | Law Offices of Neal A. Sanders |
| | : | 262 South Water Street, |
| | : | Suite 200 |
| | : | Kittanning, PA  16201 |
| | : | |
| | : | (724) 919-8884 |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
MARCY BROWN                           :   Case No. 23-240
                                      :
            Plaintiff,                :
                                      :
vs.                                   :
                                      :
FRANKLIN AREA SCHOOL DISTRICT;        :
EUGENE THOMAS; THOMAS                 :
HOLOMAN; and KRIS MILLER,             :
                                      :
            Defendants.               :
```

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER

AND NOW, comes Plaintiff, Marcy Brown, by and through her undersigned counsel of record and files the following Opposition to Defendant's Motion for Protective Order:

1. With regard to Paragraph 1 of Defendants' Motion for Protective Order, this averment is admitted. By way of further response, on the same date, Plaintiff served subpoenas on Matt Gustafson, Jami Lyons, Danielle Preston, Ariela Swem, and Scott Ziegler.

2. With regard to Defendants' Paragraph 2, these averments are based on documents which speak for themselves. By way of further response, each of the subpoena's request, "[A]ll personal emails, text messages, and voice messages

1

sent or received by you and all social media posts made by you during the period of January 21, 2022, through August 21, 2024, relating or pertaining to Marcy Brown."

3. With regard to Defendants' Paragraph 3, this averment is denied. The subpoenas can be satisfied by providing copies of the requested documents to Plaintiff's counsel via email or regular mail.  In fact, the five individuals listed above who were subpoenaed and are not subjects of the Defendants' Motion have already complied with the subpoenas through one or both of these methods.[1]

4. With regard to Defendants' Paragraph 4, it is admitted that the Defendants have accurately stated the applicable law.  It is denied that the conditions listed have been met by the Defendants.

5. With regard to Defendants' Paragraph 5, it is admitted that the Defendants have accurately stated the applicable law.  It is denied that the Defendants have satisfied the necessary conditions for Rule 26(b)(1) to apply.

6. With regard to Defendants' Paragraph 6, it is admitted that a court may do so if the party claiming privilege meets its burden of proof.

7. With regard to Defendants' Paragraph 7, it is denied that the

---

[1]Should the Court wish to see the responses of the other individuals who were subpoenaed, Plaintiff will provide copies.  However, the contents of their responses are not relevant to the disposition of Defendant's Motion.

Defendants have met their burden of proof on this issue.

8. With regard to Defendants' Paragraph 8, it is admitted that the Defendants accurately cited the decision in In re Grand Jury Subpoena, 696 Fed.Appx. 66 (3rd Cir. 2017). By way of further response, attorney-client privilege only applies when the communication was made in confidence for the purpose of obtaining legal advice from the lawyer. US v. Rockwell Intern., 897 F. 2d 1255, 1264 (3rd Cir. 1990). "The [work product] doctrine is designed to protect material prepared by an attorney acting for his client in anticipation of litigation. Federal Rule of Civil Procedure 26(b)(3) makes clear, however, the necessity that the materials be prepared in anticipation of litigation, and not in the ordinary course of business, or pursuant to public requirements unrelated to litigation." Rockwell, 897 F2d at 1266. The burden of proving the defense falls upon the party resisting disclosure. *See*, *id* at 1264.

9. With regard to Defendants' Paragraph 9, the Defendants have not provided any evidence that any communications from Phipps or Delmo to the school district's counsel are covered by the attorney client privilege. Accordingly, an *in camera* examination of the communications purported to be covered by the attorney-client privilege is requested. "[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect

3

of terminating the privilege. Indeed, this Court has approved the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection, see Kerr v. United States District Court for Northern District of Cal., 426 U. S. 394, 404-405 (1976), and the practice is well established in the federal courts. *See, e. g.*, In re Antitrust Grand Jury, 805 F. 2d 155, 168 (CA6 1986); In re Vargas, 723 F. 2d 1461, 1467 (CA10 1983); United States v. Lawless, 709 F. 2d 485, 486, 488 (CA7 1983); In re Grand Jury Witness, 695 F. 2d 359, 362 (CA9 1982)." United States v. Zolin, 491 US 554, 568-569 (1989).

10. With regard to Defendants' Paragraph 10, the Defendants have not provided any information supporting this averment. Accordingly, an *in camera* examination of Phipps and Delmo's communications is requested to determine if any applicable privilege was waived through any means, such as disclosure to third parties.

11. With regard to Defendants' Paragraph 11, these averments are denied as no proof of same has been provided. As previously stated, the work produce doctrine does not apply to documents created in the ordinary course of business or pursuant to public requirements unrelated to litigation. An *in camera* examination of the purported work product is requested to determine if the privilege applies.

12.     With regard to Defendants' Paragraph 12, this conclusion of law is admitted.

13.     With regard to Defendants' Paragraph 13, this averment is admitted.

14.     With regard to Defendants' Paragraph 14, this averment is admitted.

15.     With regard to Defendants' Paragraph 15, these averments are denied as the Defendants have not proffered any proof of same.  As previously stated, attorney client privilege applies only when the communication was made in confidence for the purpose of obtaining legal advice from the lawyer, and the work product doctrine does not apply to documents created in the ordinary course of business or pursuant to public requirements unrelated to litigation. As Phipps was Title IX coordinator, her communications could have been produced as part of the ordinary course of the investigative process and not for the purpose of obtaining legal advice or in preparation of litigation. Accordingly, an *in camera* examination of her allegedly privileged communications is requested to determine if either of the privileges apply.

16.     With regard to Defendants' Paragraph 16, these averments are denied as the Defendants have not proffered any proof of same.  As previously stated, the work product doctrine does not apply to documents created in ordinary course of business or pursuant to public requirements unrelated to litigation. As Phipps was Title IX coordinator, her communications could have been

produced as part of the ordinary course of the investigative process and not for the purpose of preparing for litigation. Accordingly, an *in camera* examination of her allegedly privileged communications is requested to determine if either of the privileges apply.

17. With regard to Defendants' Paragraph 17, these averments are admitted.

18. With regard to Defendants' Paragraph 18, these averments are denied as the Defendants have not proffered any proof of same. As previously stated, attorney client privilege applies only when the communication was made in confidence for the purpose of obtaining legal advice from the lawyer, and the work product doctrine does not apply to documents created in the ordinary course of business or pursuant to public requirements unrelated to litigation. An *in camera* examination of Delmo's allegedly privileged communications is requested to determine if they are, in fact, privileged.

19. With regard to Defendants' Paragraph 19, as previously stated, Emily Holoman was subpoenaed based on the mistaken belief that she was employed by the Franklin Area School District as a teacher. Because this is not the case, Plaintiff withdraws the subpoena served on Mrs. Holoman.

20. With regard to Defendants' Paragraph 20, Plaintiff incorporates by reference Paragraph 19 hereof.

6

21. With regard to Defendants' Paragraph 21, Plaintiff incorporates by reference Paragraph 19 hereof.

22. With regard to Defendants' Paragraph 22, Plaintiff incorporates by reference Paragraph 19 hereof.

23. With regard to Defendants' Paragraph 23, Plaintiff incorporates by reference Paragraph 19 hereof.

24. With regard to Defendants' Paragraph 24, this is a request to the Court to which no response is required. To the extent that a response may be deemed to be required, Plaintiff requests that an *in camera* examination of the alleged privileged communications be conducted by the Court to determine if either the attorney-client privilege or the work product doctrine applies to the communications and if those privileges have been waived.

WHEREFORE, Plaintiff respectfully requests that, prior to issuing an order on the Defendants' Motion for Protective Order, this Court conduct an *in camera* examination of the communications alleged to be privileged and direct that any communications which are either not privileged or with respect to which privilege has been waived be produced.

                                             Respectfully submitted,

                                             LAW OFFICES OF NEAL A. SANDERS,

Dated: September 23, 2024          By:/s/Neal A. Sanders
                                              Neal A. Sanders, Esquire
                                              Pa Id # 54618
                                              Law Offices of Neal A. Sanders
                                              262 South Water Street, Suite 200
                                              Kittanning, Pennsylvania 16201
                                              (724) 919-8884
                                              Counsel for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 23rd day of September 2024, a true and correct copy of the foregoing **Plaintiff's Opposition to Defendants' Motion for Protective Order,** was sent by facsimile and/or email, to the following:

>
> Robert Zaruta
> KNOX LAW FIRM
> 120 West Tenth Street
> Erie, PA 16501

Dated: September 23, 2024              By:/s/Neal A. Sanders
                                                                    
                                                                    Neal A. Sanders, Esquire
                                                                    PA ID No. 54618
                                                                    Counsel for Plaintiff

                                                                    Law Offices of Neal A. Sanders
                                                                    262 South Water Street, Suite 200
                                                                    Kittanning, PA 16201

                                                                    T (724) 919-8884
                                                                    F (724) 919-8903