IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCY BROWN | : | Case No. 23-240 |
| | : | |
| Plaintiff, | : | PLAINTIFF'S BRIEF IN OPPOSITION |
| | : | TO DEFENDANTS' MOTION |
| vs. | : | FOR PROTECTIVE ORDER |
| | : | |
| FRANKLIN AREA SCHOOL DISTRICT; | : | FILED ON BEHALF OF: |
| EUGENE THOMAS; THOMAS | : | Plaintiff, Marcy Brown |
| HOLOMAN; and KRIS MILLER, | : | |
| | : | COUNSEL OF RECORD FOR |
| Defendants. | : | PARTY: |
| | : | Neal A. Sanders, Esquire |
| | : | PA ID NO. 54618 |
| | : | Law Offices of Neal A. Sanders |
| | : | 262 South Water Street, |
| | : | Suite 200 |
| | : | Kittanning, PA  16201 |
| | : | |
| | : | (724) 919-8884 |

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCY BROWN | : | Case No. 23-240 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| FRANKLIN AREA SCHOOL DISTRICT; | : | |
| EUGENE THOMAS; THOMAS | : | |
| HOLOMAN; and KRIS MILLER, | : | |
| | : | |
| Defendants. | : | |

PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR PROTECTIVE ORDER

I.  Statement of Relevant Facts.

On August 29, 2024, Plaintiff's counsel served Defendant's counsel with Notices of Intent to Serve Subpoena for the Production of Documents and Electronically Stored Information upon eight individuals: Denise Phipps, Giancarlo Delmo, Emily Holoman, Matt Gustafson, Jami Lyons, Danielle Preston, Ariela Swem, and Scott Ziegler. True and correct copies of the Notices of Intent for Phipps and Delmo are attached to Plaintiff's Opposition to Defendant's Motion for Protective Order as Exhibit 1. The subpoenas, copies of which were attached to the Notices of Intent, were served on September 4, 2024.

Each of the subpoenas requested the production of the following documents: ""[A]ll personal emails, text messages, and voice messages sent or received by you and all social media posts made by you during the period of January 21, 2022, through August 21, 2024, relating or pertaining to Marcy Brown." Gustafson, Lyons, Preston, Swem and Ziegler have all fully complied with the subpoenas served upon them by sending responsive documents to Plaintiff's counsel via email or regular mail.

As an initial matter, Plaintiff's counsel was under the misapprehension that Emily Holoman was a teacher in the employ of the Franklin Area School District and did not learn of his mistake until depositions were taken on September 19, 2024. Now that Plaintiff's counsel is aware that Emily Holoman is not an employee of the school district, Plaintiff withdraws Mrs. Holoman's subpoena and/or consents to it being quashed.

Accordingly, the only subpoenas still at issue are those directed at Phipps and Delmo. Phipps was the Title IX Coordinator for the investigation into the allegations against Plaintiff. Delmo was the IT Director. Delmo is also alleged to have made comments to the effect of "It's time for old teachers to go," to diverse individuals, including at a school board meeting in 2021. (Complaint, ¶ 13).

On September 16, 2024 – eighteen days after the Notices of Intent were served, twelve days after the subpoenas were served, and eight days before discovery is scheduled to end – the Defendant filed the Motion for Protective Order that is currently before the court.

It is this motion that is opposed herein.

II. Argument.

A. Attorney-client privilege and the work product doctrine.

As stated by the Third Circuit in US v. Rockwell Intern., 897 F. 2d 1255 (3rd Cir. 1990), attorney client privilege applies when:

> 1) Where legal advice of any kind is sought; (2) from a professional legal advisor in his capacity as such; (3) the communications relating to that purpose; (4) made in confidence; (5) by the client; (6) are at his instance permanently protected; (7) from disclosure by himself or by the legal advisor; (8) except the protection be waived.
>
> However, most vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer.

*Id.* at 1264 (Internal citations and quotations omitted).

"Because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly. In re Grand Jury Investigation (Sun Co.), 599 F.2d 1224, 1235 (3d Cir.1979); In re Grand Jury Investigation of Ocean

Transportation, 604 F.2d 672, 675 (DC Cir.1979); Radiant Burners, Inc. v. American Gas Association, 320 F.2d 314, 323 (7th Cir.1963).[8] The privilege "protects only those disclosures - necessary to obtain informed legal advice - which might not have been made absent the privilege." Fisher v. United States, 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976) (emphasis added)." Westinghouse v. Republic of the Philippines, 951 F. 2d 1414, 1423-1424 (3rd Cir. 1991).

"The [work product] doctrine is designed to protect material prepared by an attorney acting for his client in anticipation of litigation. Federal Rule of Civil Procedure 26(b)(3) makes clear, however, the necessity that the materials be prepared in anticipation of litigation, and not in the ordinary course of business, or pursuant to public requirements unrelated to litigation." Rockwell, 897 F2d at 1266.

The burden of proving these defenses falls upon the party resisting disclosure. *See,* Id. at 1264.

Here, Phipps was the Title IX Coordinator for the Franklin Area School District and participated in the investigation of the allegations against Plaintiff. Accordingly, communications between Phipps and the school districts counsel could have involved transmittal of information relating to

5

the investigation, requests for additional information, or a plethora of other possibilities that do not involve confidential communications for the purposes of obtaining legal advice or preparation for future litigation. Similarly, Delmo was IT Director for the school district. His communications with counsel could have involved transmittal of records maintained in the ordinary course of business.

Obviously, Plaintiff cannot provide any assessment of the communications the Defendants allege are privileged. In the absence of any knowledge of the contents, Plaintiff also cannot truthfully claim that the communications are important to her claim. However, based on Phipps and Delmo's positions, their involvement in the investigation, and the allegations of Delmo's past age-related comments, they potentially could be. Furthermore, as set forth above, the privileges are narrowly construed and the burden of establishing privilege falls on the party claiming it. Simply declaring that the privileges apply should not be sufficient to meet this burden.

In <u>United States v. Zolin</u>, 491 US 554, 568-569 (1989), the Supreme Court stated, "[D]isclosure of allegedly privileged materials to the district court for purposes of determining the merits of a claim of privilege does not have the legal effect of terminating the privilege. Indeed, this Court has approved

the practice of requiring parties who seek to avoid disclosure of documents to make the documents available for in camera inspection, *see* <u>Kerr v. United States District Court for Northern District of Cal.</u>, 426 U. S. 394, 404-405 (1976), and the practice is well established in the federal courts. *See, e. g.*, <u>In re Antitrust Grand Jury</u>, 805 F. 2d 155, 168 (CA6 1986); <u>In re Vargas</u>, 723 F. 2d 1461, 1467 (CA10 1983); <u>United States v. Lawless</u>, 709 F. 2d 485, 486, 488 (CA7 1983); <u>In re Grand Jury Witness</u>, 695 F. 2d 359, 362 (CA9 1982)."

Accordingly, Plaintiff requests that this Honorable Court conduct an *in camera* examination of the communications the Defendants claim are privileged to determine if the asserted privileges apply and/or if privilege has been waived.

### B.  Spousal Privilege.

Emily Holoman was subpoenaed based on the mistaken belief that she was employed by the Franklin Area School District as a teacher. Because this is not the case, Plaintiff withdraws the subpoena served on Mrs. Holoman.

### III. Conclusion.

For the foregoing reasons, Plaintiff respectfully requests that this Court conduct an *in camera* inspection of communications made by Phipps and Delmo which the Defendants assert are covered by attorney client privilege

and/or the work product doctrine to determine if the communications are privileged and, if so, whether that privilege was waived.

                                            Respectfully submitted,

                                            LAW OFFICES OF NEAL A. SANDERS,

Dated: September 23, 2024        By:/s/Neal A. Sanders
                                                Neal A. Sanders, Esquire
                                                Pa Id # 54618
                                                Law Offices of Neal A. Sanders
                                                262 South Water Street, Suite 200
                                                Kittanning, Pennsylvania 16201
                                                (724) 919-8884
                                                Counsel for Plaintiff

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 23ʳᵈ day of September 2024, a true and correct copy of the foregoing **Plaintiff's Brief in Opposition to Defendants' Motion for Protective Order,** was sent by facsimile and/or email, to the following:

                          Robert Zaruta
                          KNOX LAW FIRM
                     120 West Tenth Street
                         Erie, PA 16501

Dated: September 23, 2024          By:/s/Neal A. Sanders
                                            Neal A. Sanders, Esquire
                                            PA ID No. 54618
                                            Counsel for Plaintiff

                                            Law Offices of Neal A. Sanders
                                            262 South Water Street, Suite 200
                                            Kittanning, PA 16201

                                            T (724) 919-8884
                                            F (724) 919-8903